IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTOPHER SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:22-CV-295-MJT-CLS |
| | § | |
| BURGER KING CORPORATION, | § | |
| DHANANI GROUP OF COMPANIES, | § | |
| AND HOUSTON FOODS, INC. | § | |
| | § | |
| *Defendants*. | | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.  Pending before the court is Plaintiff's Motion for Default Judgment against Dhanani Group of Companies ("Dhanani Group").  (Doc. #17.)  After review, the undersigned recommends denying the Motion for Default Judgment.

I.      **Procedural History and Plaintiff's Claim**

This suit arises from Civil Action No. 1:19-CV-615 [hereinafter "Original Case"].  Plaintiff Brian Smith, proceeding *pro se*, filed his original complaint in the original case on December 4, 2019, alleging violations of the Americans with Disabilities Act ("ADA") against Kimberly Stiebig.  (Original Case Doc. #1.)  On December 11, 2019, Plaintiff filed an amended complaint adding the City of Vidor as a defendant.  (Original Case Doc. #3.)  Plaintiff, having secured counsel, filed his second amended complaint (titled "First Amended Complaint") on June 21,

2020, which voluntarily dismissed Stiebig as a defendant and added Burger King Corporation ("Burger King") and Breanna Whitmer as defendants. (Original Case Doc. #31.) Plaintiff then filed his third amended complaint (titled "Second Amended Complaint") on June 17, 2021, adding Dhanani Group and Houston Foods, Inc. ("Houston Foods") as defendants. (Original Case Doc. #66.) Ultimately, Plaintiff settled with all named defendants from the original case (original case docs. #86, 90) except the following parties, who are now defendants in the severed case currently before the court: Defendants Burger King, Dhanani Group, and Houston Foods. On July 25, 2022, the court granted a motion to sever all claims asserted against Burger King, Dhanani Group, and Houston Foods into this action. (Doc. #1 and Original Case Doc. #89.) This order created Civil Action No. 1:22-CV-295, the suit now pending before the court, which alleges violations of the ADA against the remaining defendants.

In sum, Plaintiff filed suit against Burger King on June 21, 2020. (Doc. #6.) Plaintiff filed suit against Dhanani Group and Houston Foods on June 17, 2021. (Doc. #7.) Summons was issued as to Burger King on August 4, 2020. (Doc. #12.) Burger King was served with the summons and second amended complaint (doc. #6) on August 6, 2020, 46 days after Plaintiff filed suit against it. (Doc. #13.) The record shows that summons was never issued as to Dhanani Group, presumably because Plaintiff never presented a summons "to the clerk for signature and seal" as instructed in Rule 4(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(b). Dhanani Group was not served with the third amended complaint (doc. #7) until January 27, 2022, 224 days after Plaintiff filed suit against it. (Doc. #16.) To date, Dhanani has not been served with a summons, and Plaintiff has not served either a summons or a complaint to Houston Foods.

The Clerk of the Court entered default against Burger King on September 3, 2020 (doc. #15) and against Dhanani Group on August 10, 2022 (doc. #11).  Plaintiff filed the pending Motion for Default Judgment against Dhanani Group on September 30, 2022.  (Doc. #17.)

## II.    Legal Standard

### A.   Default Judgment under Rule 55(b)

Rule 55(a) of the Federal Rules of Civil Procedure allows a party to move for default judgment once the clerk of the court has entered default.  FED. R. CIV. P. 55(b)(2); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  However, entry of default does not automatically entitle a plaintiff to a default judgment.  *RooR Int'l BV v. A1 Smoke Shop Inc.*, No. 4:18-CV-3828, 2019 WL 6330543, at *1 (S.D. Tex. Oct. 18, 2019) (citing *Hanover Ins. Co. v. Firth Const. Co.*, No. 13-CV-02573, 2014 WL 4660744 (W.D. La. Sept. 14, 2014)).  Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)).  As such, default judgments are generally disfavored and left to the discretion of the court.  *RooR Int'l*, 2019 WL 6330543, at *1 (citing *Boost Worldwide, Inc. v. Cobos*, No. EP-12-CV-0342-KC, 2012 WL 12881968, at *2 (W.D. Tex. Dec. 21, 2012)).  "[A]ny doubt as to whether a default judgment should be entered must be resolved in favor of the defaulting party." *Boost Worldwide*, 2012 WL 12881968, at *2.

A defendant has no duty to answer a complaint or otherwise respond to a suit until it is properly served.  A plaintiff is thus *not* entitled to a default judgment unless and until proper service is effectuated.  *U.S. Enercorp, Ltd. v. SDC Mont. Bakken Expl., LLC*, No. SA:12-CV-1231-DAE, 2014 WL 3420480, at *6 (W.D. Tex. July 10, 2014); *see also Douglas v. Pilgrim Senior Citizens Hous. Dev. Corp.*, No. H-11-3637, 2012 WL 3277083, at *1 (S.D. Tex. Aug. 9, 2012) (citing

*Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)) ("Absent proper service of process, the court lacks personal jurisdiction over the defendant, and any default judgment against the defendant is void."); *RooR Int'l*, 2019 WL 6330543, at *2. The burden is on the plaintiff to demonstrate that the complaint was properly served on the defendant. *RooR Int'l*, 2019 WL 6330543, at *2 (citing *Pate v. Zientz*, No. 4:09cv643, 2010 WL 3767573, at *1 n.2 (E.D. Tex. Aug. 27, 2010), *report and recommendation adopted*, 2010 WL 3767567 (Sept. 21, 2010)); *see also Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citations omitted) ("When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."); FED. R. CIV. P. 4(c)(1). If a plaintiff cannot establish proper service on a defendant, default judgment should be denied. *See, e.g.*, *Diamond Serv. Corp. v. Oceanografia SA de CV*, No. 10-CV-177, 2013 WL 312368, at *7 (W.D. La. Jan. 24, 2013) ("[P]laintiff has not carried his burden to establish [the defendant] was properly served, and a default judgment under such circumstances would not be proper."); *Pate*, 2010 WL 3767573, at *1 ("[B]ecause it appears that Ameriquest has not been properly served, Plaintiffs are not entitled to default judgment.").

### B. Proper Service and Good Cause

Under Rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be served within ninety (90) days of filing the complaint to be considered timely served absent a showing of good cause from the plaintiff. FED. R. CIV. P. 4(m); *cf. Wallace v. St. Charles Parish Sch. Bd.*, No. Civ.A.04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005) ("[Rule 12(b)(5)] provides for dismissal of a claim if service of process was not timely made in accordance with [Rule 4] or was not properly served in the appropriate manner."). If a party is not validly served with process, proceedings against that party are void. *Doe v. St. James Parish Sch. Bd.*, No. 15-5370, 2016 WL

1558794, at *1 (E.D. La. Apr. 18, 2016) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). A defendant's actual notice of an action is "irrelevant if service fails to comport with the statutory requirements for proper service. *Fairchild v. IRS*, 450 F. Supp. 2d 654, 656 (M.D. La. 2006) (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)).

"A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Julien v. St. John Baptist Parish Sch. Sys.*, No. 21-1081, 2022 WL 2528234, at *5 (E.D. La. July 7, 2022) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Further, good cause typically requires both "some showing of 'good faith on the party of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified.'" *Winters*, 776 F.2d at 1306 (quoting 10 Wright & Miller Federal Practice and Procedure: Civil § 1165 at 622).

## III.    Discussion

Plaintiff has moved for default judgment against Dhanani Group. However, as discussed *supra* § I, Plaintiff never served a summons on Dhanani Group. Additionally, Plaintiff served the complaint on Dhanani Group 224 days after filing suit. Plaintiff has made no attempt to show good cause for the significant delay in serving the complaint, nor has Plaintiff made any attempt to show good cause for the absence of service of the summons on Dhanani Group. In fact, Plaintiff's Motion for Default Judgment makes no acknowledgement of the deficiencies in his service on Dhanani Group. (Doc. #17 at 2, 5.) While Plaintiff initially filed his suit *pro se*, Plaintiff retained counsel prior to filing suit against Dhanani Group, (original case doc. #27), so Plaintiff

cannot attribute his improper service on Dhanani Group to the procedural difficulties of proceeding *pro se*. As such Plaintiff has not properly served Dhanani Group. Plaintiff's motion for default judgment should be denied.

**IV.    Recommendation**

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Default Judgment be **DENIED**.

**V.    Objections**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 19th day of October, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

6