IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTOPHER SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-295-MJT-CLS |
| | § | |
| BURGER KING CORPORATION, | § | |
| DHANANI GROUP OF COMPANIES, | § | |
| AND HOUSTON FOODS, INC. | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Civ. R. 72. Pending before the court is Plaintiff's Motion to Extend Time for Service under Rule 4(m) of the Federal Rules of Civil Procedure [hereinafter "Motion to Extend Time"]. (Doc. #19.) After review, the undersigned recommends denying Plaintiff's motion as moot.

**I.      Procedural History and Plaintiff's Claim**

This suit arises from Civil Action No. 1:19-CV-615 [hereinafter "Original Case"]. Plaintiff Brian Smith, proceeding *pro se*, filed his original complaint in the original case on December 4, 2019, alleging violations of the Americans with Disabilities Act ("ADA") against Kimberly Stiebig. (Original Case Doc. #1.) On December 11, 2019, Plaintiff, still proceeding *pro se*, filed an amended complaint adding the City of Vidor as a defendant. (Original Case Doc. #3.)

On April 17, 2020, the court ordered Plaintiff to submit an amended complaint within fourteen days of receipt of that order. (Original Case Doc. #21.) Plaintiff, per the court's order and having retained counsel, filed his second amended complaint (original case doc. # 31) on June 21, 2020, after receiving various extensions to the original fourteen-day period (original case docs. #25, 28, 29). Plaintiff's second amended complaint (erroneously titled "First Amended Complaint") voluntarily dismissed Stiebig as a defendant and added Burger King Corporation ("Burger King") and Breanna Whitmer as defendants.[1] (Original Case Doc. #31.) Therefore, Plaintiff's second amended complaint (doc. #6 and original case doc. #31) was filed with proper leave of the court per Rule 15(a)(2) of the Federal Rules of Civil Procedure.

One year later, Plaintiff filed his third amended complaint (erroneously titled "Second Amended Complaint") on June 17, 2021, listing Dhanani Group and Houston Foods, Inc. ("Houston Foods") as defendants. (Doc. #7 and Original Case Doc. #66.) However, unlike his second amended complaint (doc. #6 and original case doc. #31), Plaintiff did not have, or seek, leave of the court to file his third amended complaint (original case doc. #66). Under Rule 15 of the Federal Rules of Civil Procedure, after the period for amending as a matter of course elapses, a party may only amend either (1) with the opposing party's written consent, or (2) with the court's leave. FED. R. CIV. P. 15(a)(2). The record shows that Plaintiff neither obtained opposing counsel's written consent nor requested from the court leave to amend his complaint. Therefore, Plaintiff's third amended complaint (doc. #7 and original case doc. #66) is not properly before the court, and, as a result, neither are "defendants" Dhanani Group or Houston Foods.

---

[1] Ultimately, Plaintiff settled with the defendants from the original case (original case docs. #86, 90) except the following entities: Burger King, Dhanani Group, and Houston Foods. On July 25, 2022, the court granted a motion to sever all claims asserted against Burger King, Dhanani Group, and Houston Foods into this action. (Doc. #1 and Original Case Doc. #89.) This order created Civil Action No. 1:22-CV-295, the suit now pending before the court.

To be clear, when a plaintiff attempts to submit an amended complaint in violation of Rule 15, that document does *not* become part of the record.[2]  Therefore, the preceding complaint remains the operative complaint on record, and any changes to the parties or facts and claims alleged do not take effect.  *Cf.* LOCAL RULE CV-7(k) ("If the motion [for leave] is denied, the document will be struck. . . ."); *see also* note 3.  Here, the operative complaint is Plaintiff's second amended complaint (erroneously titled "First Amended Complaint") (doc. #6), and the only defendant in the case at this time is Burger King Corporation, as the other two defendants in the second amended complaint (the City of Vidor and Breanna Whitmer) were dismissed after a settlement was reached (original case doc. #86).

## II.     Discussion

### A.   Plaintiff's Motion to Extend Time Should Be Denied as Moot

Plaintiff's Motion to Extend Time (doc. #19) requests leave of the court to extend the time for service under Rule 4(m) of the Federal Rules of Civil Procedure, claiming "good cause." Plaintiff does not specify which "defendant" (Dhanani Group or Houston Foods) he is requesting this extension for, but the undersigned concludes that Plaintiff likely wishes to extend the time for service at least as to Dhanani Group, and perhaps Houston Foods as well.[3]

---

[2] An amended complaint submitted in violation of Rule 15(a) should be stricken from the record. *See Hunter v. Martinez*, No. 3-08-CV-893-B, 2008 WL 3895969, at *2 n.2 (N.D. Tex. Aug. 20, 2008) (striking amended complaint *sua sponte* under Rule 15(a)(2) where the plaintiff filed the complaint without leave or consent); *see also Addington v. Addington*, No. H-12-1090, 2013 WL 960629, at *1 (S.D. Tex. Mar. 12, 2013) (striking an amended complaint for failure to obtain leave of court to file it); *In re Meyrowitz*, No. 06-31660-BJH-11, 2010 WL 5292066, at *3 (Bankr. N.D. Tex. Dec. 20, 2010); *Jeanty v. Neb. Furniture Mart*, No. 4:19-CV-366-ALM-CAN, 2019 WL 12375489, at *1 (E.D. Tex. July 19, 2019).

[3] The undersigned's hesitation to conclude that Plaintiff wishes to serve Houston Foods stems from the fact that it appears Plaintiff has made no attempt to serve summons or complaint on Houston Foods, nor does Plaintiff's third amended complaint (doc. #7) clearly identify their connection to this litigation.  In contrast, while Plaintiff's third amended complaint similarly does not identify Dhanani Group's connection to this litigation, Plaintiff did however serve the third amended complaint (doc. #7) on Dhanani Group, albeit 224 days after attempting to name Dhanani Group as a "defendant" in this suit.

However, as discussed *supra* § I, Dhanani Group and Houston Foods are not currently defendants in this suit because Plaintiff's third amended complaint (erroneously titled "Second Amended Complaint") (doc. #7) is not properly before the court. Therefore, Plaintiff need not serve any summons or complaint on those entities at this time, so any request from Plaintiff to "extend" time for service on them is moot. Thus, Plaintiff's Motion to Extend Time should be denied as moot.

If Plaintiff wishes to name these parties as defendants in this action, Plaintiff must file a proper motion for leave to file an amended complaint, and an amended complaint naming them as defendants, in accordance with the Local Rules.[4]

B. <u>Plaintiff's Motion to Extend Time Does Not Demonstrate Good Cause</u>

As stated *supra* § II.A, the undersigned recommends denying Plaintiff's Motion to Extend as moot. However, even if the undersigned were to evaluate Plaintiff's motion on the merits, the undersigned would not find that Plaintiff has demonstrated good cause for an extension.

"A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Julien v. St. John Baptist Parish Sch. Sys.*, No. 21-1081, 2022 WL 2528234, at *5 (E.D. La. July 7, 2022) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Further, good cause typically requires both "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified.'" *Winters*, 776 F.2d at 1306 (quoting 10 Wright & Miller Federal Practice and Procedure: Civil § 1165 at 622).

---

[4] Motions to the court for leave to file must be made in accordance with the Local Rules of the Eastern District of Texas. *See* LOCAL RULE CV-7(k).

Plaintiff's counsel claims that the "process" for serving a defendant changed at some point during this litigation. The version of Local Rule CV-4, which governs "Complaint, Summons, and Return," in effect when the third amended complaint was "filed" on June 17, 2021, is identical to the current version of Local Rule CV-4 with respect to service and states that "the plaintiff must prepare and submit a summons to the clerk for each defendant to be served with a copy of the complaint." LOCAL RULE CV-4(a). (Attachment 1.) However, Plaintiff's counsel's confusion stems from the fact that, in the beginning of this suit (when Plaintiff was proceeding *pro se*), the clerk of court issued a blank summons to Plaintiff, who then prepared the summons and returned it to the clerk's office to issue process of the completed summons on the defendants Plaintiff had named at that time (Kimberly Stiebig and the City of Vidor). The clerk of court did this pursuant to the court's order granting Plaintiff's motion to proceed *in forma pauperis* and ordering the clerk of court to issue process in this manner. (Original Case Doc. #4.)

Plaintiff's counsel asserts in the Motion to Extend Time that he believed that the clerk of court would continue to issue process throughout the rest of the litigation as he did when Plaintiff was *pro se*. (Doc. #19 at ¶¶9-10.) Contrary to this claim, however, Plaintiff's counsel prepared and submitted a summons to the clerk of court for Breanna Whitmer and Burger King, and then served process on those defendants in accordance with Local Rule CV-4. Plaintiff's counsel offers no explanation as to why he requested summons and secured service on the defendants named in the second amended complaint (doc. #6), filed on June 21, 2020, but apparently did not do so when he filed the "third amended complaint" (doc. #7) without leave of court on June 17, 2021. Thus, the undersigned has difficulty finding this claim of misunderstanding reasonable, meaning Plaintiff has failed to show "some reasonable basis for noncompliance within the time specified," which is generally a requirement to demonstrate good cause. *Winters*, 776 F.2d at 1306.

Further, even if the undersigned accepted Plaintiff's counsel's claim that he did not understand the process for issuing service on the "defendants" in his "third amended complaint," that still would not excuse his failure to inquire with the court or the clerk of court's office after months had passed since filing the "third amended complaint" and the Houston Foods and Dhanani Group remained unserved. "[A] plaintiff may not remain silent and do nothing to effectuate . . . service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). At minimum, Plaintiff's counsel should have inquired with the court or the clerk of court's office about the lack of service on Houston Foods and Dhanani Group before the 90-day period for service prescribed by Rule 4(m) expired. Plaintiff's counsel's failure to do so constitutes the type of "simple inadvertence or mistake of counsel or ignorance of the rules" considered insufficient to establish good cause. *Julien*, 2022 WL 2528234, at *5.

The undersigned finds that good cause has not been demonstrated because: (1) Plaintiff's counsel's claims of misunderstanding are contradictory to his previous actions in this litigation, so Plaintiff cannot offer a reasonable basis for the failure to obtain service; and (2) even if the undersigned did find that Plaintiff had demonstrated a reasonable basis for the failure to serve, counsel's additional failure to make a reasonable inquiry about the lack of service on Houston Foods and Dhanani Group within the 90-day period for service amounts to simple inadvertence, mistake of counsel, or ignorance of the rules rather than excusable neglect.

Last, the court was under no obligation to issue summons to the Houston Foods or Dhanani Group "within the [90]-day time period prescribed by Rule 4(m)," *Lindsey*, 101 F.3d at 447,

because that complaint was not properly before the court, and Houston Foods and Dhanani Group were (and still are) not parties to this action. *See supra* § I.

### III.     Conclusion

In sum, the undersigned finds the Plaintiff's "third amended complaint" naming Houston Foods and Dhanani Group is not properly before the court. Therefore, Plaintiff's Motion to Extend Time (doc. #19) to serve Houston Foods and Dhanani Group should be denied as moot. Plaintiff should file a motion for leave to amend his complaint, and an amended complaint naming them as defendants, in accordance with the Local Rules if he wishes to proceed with an action against those entities. Additionally, the undersigned finds, separate from the issue of mootness, that Plaintiff has not demonstrated good cause for an extension based on the facts before it.

### IV.     Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Extend Time (doc. #19) be **DENIED** as moot.

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 7th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE