IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTOPHER SMITH, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:22-CV-295-MJT-CLS | |
| § | | |
| BURGER KING CORPORATION, § | | |
| *Defendant*. § | | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
### ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Brian Christopher Smith brought this lawsuit alleging claims under the Americans with Disabilities Act, severed from Civil Action No. 1:19-CV-615 [hereinafter "Original Case"]. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.

On November 7, 2022, the Magistrate Judge entered a Report and Recommendation [Dkt. 20] in which she recommended denying Plaintiff's Motion to Extend Time for Service under Rule 4(m) of the Federal Rules of Civil Procedure [Dtk. 19] [hereinafter "Motion to Extend Time"] based on two separate findings: (1) the Motion to Extend Time was moot, because the amended complaint naming Dhanani Group as a "defendant" was filed without leave of Court, thus Dhanani Group is not a defendant, and Plaintiff need not serve any summons on that entity; and (2) evaluating Plaintiff's Motion to Extend Time on the merits, Plaintiff failed to demonstrate good cause for an extension. On November 21, 2022, Plaintiff timely filed objections. [Dkt. 23].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). To

be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Plaintiff raises two objections. First, Plaintiff objects to the finding that the amended complaint naming Dhanani Group as a "defendant" [Dkt. 7] was improperly filed without leave of the Court. [Dkt. 23 at ¶¶ 1-3]. Second, Plaintiff objects to the finding that Plaintiff failed to demonstrate good cause to extend the time for service of summons on Dhanani Group. [Dkt. 23 at ¶¶ 4-5].

I. **Plaintiff's Third Amended Complaint [Dkt. 7], adding new parties, was improperly filed without leave of the Court**

Plaintiff objected to the finding that the Third Amended Complaint [Dkt. 7], which was submitted on June 17, 2021, and names Dhanani Group as a defendant, was improperly filed without leave of the Court. Plaintiff asserts that the Third Amended Complaint [Dkt. 7] was properly submitted "pursuant to the Court order at ECF 63, which explicitly permitted amendment of pleadings without leave of Court prior to July 23, 2021." [Dkt. 19].

This objection is without merit. The Second Amended Scheduling Order [Original Case Dkt. 63], issued on February 25, 2021, provides that the "Deadline for Plaintiff(s) to file amended pleadings" without a motion for leave to amend is July 23, 2021. However, this deadline does *not* permit Plaintiff to add new parties; rather, this deadline permits Plaintiff to amend their complaint

to include new claims. This distinction is evident from a review of the other scheduling orders, including the original scheduling order, related to this case.[1] The original scheduling order [Original Case Dkt. 46], issued on August 20, 2020, provides for two separate deadlines: the deadline to add parties without leave of Court was October 14, 2020, and the deadline for Plaintiff to file amended pleadings without leave of Court was (originally) November 25, 2020. This distinction makes clear that the deadline to file amended pleadings does *not* include adding parties.

The original scheduling order was then amended several times. The first motion to amend the scheduling order was jointly submitted on November 6, 2020 [Original Case Dkt. 56], after the deadline to add parties without leave of Court had passed. The Court then issued an amended scheduling order [Original Case Dkt. 57] postponing the deadlines that had not yet passed. The order did *not* postpone the deadline to add parties. Accordingly, the deadline to add parties is not listed anywhere in the first amended scheduling order [Original Case Dkt. 57], nor is a postponed deadline to add parties included in any other amended scheduling order [Original Case Dkts. 63, 76, 81].

The deadline to add new parties expired on October 14, 2020 [Original Case Dkt. 46], and this deadline was never postponed. Plaintiff filed the Third Amended Complaint [Dkt. 7], which attempts to add Dhahani Group and Houston Foods as new parties, on June 17, 2021, without leave of the Court. Thus, the Magistrate Judge correctly found that Plaintiff's Third Amended Complaint [Dkt. 7] was improperly filed without leave of the Court, Dhanani Group is not a defendant before the Court, and the Motion to Extend Time to serve Dhanani Group is moot. This objection is OVERRULED.

---

[1] The original scheduling order for this case is docketed under Civil Action No. 1:19-CV-615, the original case from which this action (Civil Action No. 1:22-CV-295) was severed.

## II.     Plaintiff has not demonstrated good cause for an extension

Plaintiff objected to the Magistrate Judge's finding that Plaintiff had not demonstrated good cause for an extension. [Dkt. 23 at ¶¶ 4-6]. However, this objection is not specific, as it merely incorporates by reference the Motion to Extend Time [Dkt. 19] before the Magistrate Judge. As the Report and Recommendation states:

> A party who timely files *specific*, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific*.

[Dkt. 20 at 7-8] (emphasis added). Therefore, this objection is not entitled to a *de novo* review. Nevertheless, the Court has conducted a *de novo* review of this objection in relation to the pleadings and applicable law and concludes that the objection is without merit. As the Magistrate Judge explained, "Plaintiff's counsel's claims of misunderstanding are contradictory to his previous actions in this litigation, so Plaintiff cannot offer a reasonable basis for the failure to obtain service." [Dkt. 20 at 6]. Further, the "additional failure to make a reasonable inquiry about the lack of service on Houston Foods and Dhanani Group within the 90-day period for service amounts to simple inadvertence, mistake of counsel, or ignorance of the rules rather than excusable neglect." [Dkt. 20 at 6]. For these reasons, Plaintiff has failed to demonstrate good cause. This objection is OVERRULED.

## III.    Order

Plaintiff's objections [Dkt. 23] are OVERRULED. The findings of fact and conclusions of law of the United States Magistrate Judge are correct. The Report and Recommendation of the

United States Magistrate Judge [Dkt. 20] is ADOPTED. Plaintiff's Motion to Extend Time [Dkt. 19] is DENIED.

**SIGNED this 7th day of December, 2022.**

Michael J. Truncale
United States District Judge