IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRIAN CHRISTOPHER SMITH, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO.  1:22-CV-295-MJT-CLS |
| v. § | |
| § | |
| BURGER KING CORPORATION. § | |
| § | |
| *Defendant*. § | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Civ. R. 72.

This suit arises from Civil Action No. 1:19-CV-615 [hereinafter "Original Case"].  On March 24, 2023, the undersigned entered an order (doc. #34) directing Plaintiff to file appropriate pleadings to prosecute this case or advise the court through a motion for voluntary dismissal that he no longer wishes to proceed via mail postmarked no later than April 17, 2023.[1]  Plaintiff was advised that failure to timely comply with this order could result in a recommendation that this case be dismissed.

To date, Plaintiff has not filed an appropriate pleading to prosecute his case or advised the court that he no longer wishes to proceed pursuant to the undersigned's March 24, 2023, Order (doc. #34).  Plaintiff has taken no further action to prosecute this case.  Rule 41(b) of the Federal

---

[1] As Plaintiff has been proceeding *pro se* since January 24, 2023 (doc. #31), he received the undersigned's order (doc. #34) by mail on March 30, 2023 (doc. #35).

Rules of Civil Procedure authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

As of this date, Plaintiff has failed to comply as ordered. Accordingly, Plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).

## Recommendation

This case should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 24th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE